First School District *v.* Ufford.

---

THE FIRST SCHOOL DISTRICT OF STRATFORD *vs.* BENJAMIN UFFORD AND OTHERS.

The statute (Gen. Statutes, p. 135, sec. 5,) provides that when it is proposed to form, alter, unite or dissolve any school district or districts, notice that such change is proposed shall be posted on the school-house in each district to be affected, and a copy of the same left with the clerk of each district at least fifteen days before the town is called upon to act upon the proposition. Held that the notice need not be signed by

the selectmen, but that one signed by one member of the district in behalf of himself and other petitioners was sufficient.

The third section of the statute provides that the name, number and limits of every school district shall be entered on its records and on those of the town. Held that if the proper officer failed to make such record he could be compelled to do it by a writ of mandamus, but that the omission of it did not affect the legal existence of the district.

The first meeting of a new district, by reason of a defective warning, was illegal. The legislature passed a validating act. Held to make not only the first meeting legal, but all the subsequent proceedings of the district so far as affected by the illegality of the first meeting.

A right to a technical defence involving no substantial equities, is not a vested right beyond the reach of the legislature.

The validating act provided that it should not affect any suit then pending. The school district had a suit then pending, which they afterwards withdrew and began another for the same cause of action. Held that the latter suit was not within the exclusion of the statute.

A meeting of a district was held on a certain Saturday, and was adjourned "to Wednesday evening at 8 o'clock." Held that the natural and obvious meaning was, to the next Wednesday evening, and that the meeting which was holden on that evening was not rendered illegal by uncertainty of the time to which the adjournment was made.

In a suit brought by a school district the defendants set up a want of legal corporate existence in the district. Held that upon this question an inquiry whether a certain portion of the boundary of the district had been legally established was not a pertinent one.

[Argued March 20th—decided April 29th, 1884.]

APPLICATION to the Superior Court, by a school district, for the appointment of a committee to approve a site taken for a school-house and to assess its value. Facts found and case reserved for advice. The case is sufficiently stated in the opinion.

*D. B. Lockwood* and *E. Morehouse*, for the plaintiff.

*C. Thompson*, for the defendants.

CARPENTER, J. In December, 1882, the town of Stratford consolidated four of its school districts. This suit is brought by the district thus formed to condemn land as a site for a school-house. The answer denies the legal existence of the plaintiff as a corporation. The court below

found the facts and reserved the case for the advice of this court. Several questions are raised, which will be consid ered in their order.

1. That section 5, page 135, General Statutes, was not complied with. That section provides that "when it is proposed to form, alter, unite, or dissolve any school dis- trict or districts, notice that such change is proposed shall either be posted on the school-house in each school district to be affected, or, if 'there be no school-house in any such district, at the usual place for posting warnings for meet- ings of such districts, or printed in a newspaper published in the town in which such districts or any one of them may belong; and a copy of the same shall be left with the clerk of each of said districts, at least fifteen days before the town is called to act upon the proposition."

A notice was given which in form and substance complied with the statute in all respects except that it was thus signed: "For the Petitioners, *Robert H. Russell.*" The objection is that the notice should have been signed by the selectmen of the town.

The object of the statute doubtless was to give a more extended notice than would be likely to be given by the ordinary warning for a town meeting, and for a longer time; so that each voter might have an opportunity to consider well the proposed change, and each district an opportunity, if desired, to take corporate action. The statute has not prescribed the form of this notice, nor directed as to the person or persons by whom it shall be given. We cannot be expected to require greater particularity in these respects than the legislature has required. To do so would be a species of judicial legislation, which is objectionable. If the object of the statute is accomplished, and substantially in the mode directed, we cannot hold the proceeding invalid merely because we think that it might have been more appropriate for the notice to have been given by other.par- ties. It seems that the petition for the change was signed by about one hundred voters, headed by Robert H. Russell, who signed the notice in behalf of the others as well as for

himself. We think there was a substantial compliance with the statute.

2. It appears that prior to June 20th, 1881, there were five school districts in the town, the territory of which is now included in the consolidated district which is the plaintiff in this case. Among these was one called the Old North District, which by a vote of the town on the 20th of June, 1881, was dissolved and its territory annexed in separate portions to the South, Middle and Union Districts, which were included in the later consolidation. At the same meeting the town voted " that the fixing of the dividing line of the dissolved district be left with the board of education." This dividing line was of course the dividing line between the two parts of the dissolved district which were annexed respectively to the South Middle and Union Districts. The board of education established the dividing line, and the action was approved by the town and acquiesced in by all parties. The defendants now claim that this action was illegal, and that the dividing line could have been established only by the selectmen of the town, as the fourth section of the statute provides that " the selectmen of the town * * * shall settle and describe the boundary lines of any new district."

Without deciding whether the action of the town in thus fixing the dividing line can be sustained, it is sufficient to say, first, that since both the South Middle and the Union District have been taken into the new consolidated district, making the dividing lines between them of no importance, it is of no consequence whether that dividing line was at the time legally established or not; and secondly, that the whole question at issue is as to the legal existence of the consolidated district, and that its legal existence as a corporation, able to bring the present action, is not at all dependent upon the regularity of the proceedings by which some part of its boundary was established. The defendants have no interest in the question as to the old dividing line between two of the consolidated districts and it is difficult to see how they could have any as to any external boundary of

the district. Certainly the corporate existence of the district cannot depend upon the strictly legal establishment of every portion of its boundary lines.

3. The third section provides that the name, number and limits of every school district shall be entered on its records and on the records of the town or towns to which it belongs. The defendants object that this section was not complied with, either in the case of the plaintiff district or of the Old North district. This provision is directory; and if the officer whose duty it is to make the record neglects this duty, its performance may be compelled by a writ of mandamus. School districts are essential to our common school system as hitherto established and administered. Their legal existence cannot depend upon a strict and literal compliance with all the provisions of the statute relating thereto. A substantial and reasonable compliance is all that is required. It is not reasonable that the neglect to perform a ministerial duty of this character should operate to defeat the existence of the corporation.

4. The districts were consolidated by vote of the town December 16th, 1882. The selectmen warned the first meeting of the new district to be held December 30th. By mistake only four days' notice of that meeting was given. The legislature, by an act which took effect April 24th, 1883, validated the doings of that meeting. The act provided that it should not affect any suit then pending. This suit was not then pending; but another between the same parties and for the same purpose was pending, which was withdrawn on the 23d day of May following, and this suit was commenced on the same day. The defendants contend that this case is within the spirit of the exception, and therefore that the healing act does not affect it.

The defense being purely technical must come within the letter of the law as well as its spirit. If there were any substantial equities in the defense we might, for the reasons urged, be justified in regarding it with favor; but as there are none the letter of the law must prevail. This suit was commenced May 23d, 1883. The healing act then as well as now was in force and must control the decision.

But the defendants say that, confirming the doings of the first meeting of the district does not confirm the subsequent proceedings, which are also infected with the infirmity—that the subsequent proceedings are not expressly mentioned, and they are not to be reached by construction.

This statute is not to be so strictly construed as to defeat the manifest intention of the legislature. It is difficult to see for what purpose the first meeting is to be made valid if by reason of its original invalidity all the subsequent meetings are to remain invalid. The legislature must have intended to make that meeting valid for all purposes as of the day it was held; to make it as though it had been originally valid, so far at least as substantial rights were not thereby affected. Consequently subsequent meetings are not now to be regarded as tainted with the infirmity of the first.

The claim that the defendants had a vested right in this defense cannot be sustained. A right to a technical defense involving no substantial equities is not a vested right beyond the reach of the legislature.

5. A meeting of the district was held on the third day of February, 1883, which was Saturday, for the purpose of fixing upon a site for the school-house. That meeting was adjourned to "Wednesday evening, at 8 o'clock," without naming the day of the month or year. The adjourned meeting was in fact held on the next Wednesday evening, which was February 7th. It is claimed that the adjourned meeting was illegal. We do not think so. There was hardly room for any ambiguity. Doubtless every one understood it to mean the next Wednesday evening, as that was the natural and obvious meaning.

The dissolution of the Old North school district, as we have seen, was not illegal. Hence there is no foundation for the objection that the meetings were not held within the limits of the new district.

For these reasons we advise judgment for the plaintiff.

In this opinion the other judges concurred.