EASTMAN *v.* McCARTEN.

RICH *v.* BEATTIE.

An act of the legislature, legalizing and confirming the votes and proceedings at an election held under a warrant not posted in accordance with the statutory requirement, is not within the prohibition of article 23 of the bill of rights against retrospective laws.

PETITIONS, under chapter 66, Laws 1893, enacting that "The supreme court at any trial term, or any justice thereof in vacation, may, on the application or petition of any candidate interested in a contest for any county office, find the facts relating to such contested election as well before the term of such office begins as after; and any question of law arising upon the facts thus found may be heard at any regular, adjourned, or special law term of the court, as the court shall direct; and the court shall issue a certificate of election to the candidate who is found by the court on such proceeding to be elected, and the person receiving such certificate shall assume and discharge the duties of the office."

The selectmen's warrant for the biennial meeting or election in Lancaster, held on November 8, 1898, was not posted until October 27. The plaintiffs and the defendants were opposing candidates for the offices of sheriff and treasurer of the county. If the ballots cast in said town for these offices are counted, the plaintiffs are elected; otherwise, the defendants are elected.

*Taggart & Bingham*, for the plaintiffs.

*Drew, Jordan & Buckley*, for the defendants.

BLODGETT, C. J. The question arising upon the agreed case is the sufficiency of the notice for the biennial meeting, November, 1898, in the town of Lancaster, and the ground of complaint is that the selectmen failed to post their warrant agreeably to the statutory requirement in respect of time. There is now, however, no occasion to consider the effect of this failure of duty, because by an act approved January 31, 1899, and which went into effect upon its passage, the legislature, in the exercise of its curative power to correct irregularities, has provided "That the selectmen's warrant for, and the votes and proceedings thereunder at, the biennial election and meeting in the town of Lancaster, held in said town on the eighth day of November, 1898, are hereby legalized and confirmed." Laws 1899, c. 151.

In view of this legislation, which manifestly does not impair vested rights or the obligation of contracts, and is not therefore within the prohibition of article 23 of the bill of rights against retrospective laws (*Farnum's Petition*, 51 N. H. 376, 379, 380, 383; *Rockport* v. *Walden*, 54 N. H. 167, 173; *Rich* v. *Flanders*, 39 N. H. 304; *Gilman* v. *Cutts*, 23 N. H. 376, 382), the further discussion of this case would be superfluous. See, among other authorities cited by the defendants, *Willard* v. *Harvey*, 24 N. H. 344, 353; *Cummings* v. *Railroad*, 43 N. H. 114, 115; *Conner* v. *New York*, 5 N. Y. 285; *People* v. *Devlin*, 33 N. Y. 269; *Allen* v. *Archer*, 49 Me. 346, 350; *Farwell* v. *Rockland*, 62 Me. 298; *Prince* v. *Skillin*, 71 Me. 361; *Parker* v. *Titcomb*, 82 Me. 180; *Gardner* v. *Haney*, 86 Ind. 17; *Fox* v. *Kendall*, 97 Ill. 72; *Tate* v. *Stooltzfoos*, 16 S. & R. 35; *Walter* v. *Bacon*, 8 Mass. 468, 472; *Locke* v. *Dane*, 9 Mass. 360, 363; *Taft* v. *Adams*, 3 Gray 126; *Richardson* v. *Cook*, 37 Vt. 599, 603; *Smith* v. *Hard*, 59 Vt. 13, 17; *School District* v. *Ufford*, 52 Conn. 44; Cool. Con. Lim. (5th ed.) 457; Mech. Pub. Off., ss. 464, 465; 6 Am. & Eng. Enc. Law (2d ed.) 941, 942, and notes.

*Case discharged.*

All concurred.