MARCUS E. YOUNG ET AL. *vs.* THE TOWN OF BETHANY ET AL.

Third Judicial District, New Haven, June Term, 1900.
ANDREWS, C. J., TORRANCE, BALDWIN, HAMERSLEY and HALL, JS.

Under §§ 2193 and 2194 of the General Statutes, authorizing a town at its annual town meeting, " upon notice thereof given in the warning," to abolish all the school districts within its limits and to assume and maintain control of the public schools therein, it is not necessary to give the particular notice to each school district, by posting and publication, which is required for the alteration of school districts under Chap. 130 of the Public Acts of 1895.

Chapter 202 of the Public Acts of 1889 provides that no town which assumes the control of its public schools at any annual meeting shall vote to abandon such control before the fifth annual meeting thereafter. *Held* that a vote of the defendant town in March, 1900, disapproving of the action taken by the town at its previous annual meeting in assuming town control of its public schools, was of no validity or effect.

Argued June 14th—decided July 13th, 1900.

ACTION to restrain the defendant town and its selectmen from proceeding to elect a school committee at a special town meeting warned for that purpose, brought to the Superior Court in New Haven County and reserved by that court, *Thayer, J.*, upon a demurrer to the complaint, for the consideration and advice of this court. *Judgment advised for defendants.*

The complaint alleged that the call for the annual town meeting to be held on the first Monday of October, 1899, contained notice that one of the purposes of said meeting was "to determine by ballot whether the town will abolish all school districts and parts of school districts within its limits and assume and maintain control of the public schools therein," and that no notice of said proposed action by the town was given to the clerks of the various school districts, nor posted upon the public school-houses or sign-posts of the several districts of the town, nor published in any newspaper having a circulation in the town; that upon the vote taken at said meeting 29 ballots were cast in favor and 27 against such abolishment of the school districts; that some of the plaintiffs did not know that such action was to be taken and did not vote upon said question, and that the majority of voters and taxpayers of said town did not favor the abolishment of the school districts; that a special town meeting having been called on the 17th of March, 1900, as provided by statute, to determine the number of the committee to be elected to have charge of the school under such consolidation, said meeting refused to take any action in regard to determining the number of said committee and passed a vote disapproving of the action taken at the annual meeting abolishing said school districts, and that thereupon the selectmen having themselves designated the number of the school committee to be voted for as 9, issued a warning for a special meeting to be held on the first Monday of June, 1900, to elect such school committee of 9; that said proposed election is without authority, the necessary preliminary notices and action of the town, as required by statute, not having been posted and taken, and that such election will render the legal

*status* of the school district doubtful, and prejudice the interests of the plaintiffs as taxpayers and voters.

The complaint asked for an injunction restraining the defendants from electing the school committee, and from acting further as a consolidated school district.

To this complaint and the prayers for relief the defendants demurred, upon the grounds, among others, that the statutes applicable to the abolishment of school districts did not require special notice of such proposed action to be given to the various school districts of the town, as claimed by the plaintiffs, and that the action taken at the meeting of March 17th was illegal and void, in that it was incompetent for the town to annul the action taken at said annual meeting, until the fifth annual meeting thereafter.

*James H. Webb*, for the defendants.

*Hobart L. Hotchkiss*, with whom was *Harry W. Asher*, for the plaintiffs.

HALL, J.    The town of Bethany, at its annual meeting on the first Monday of October, 1899, by a majority of the ballots cast for that purpose, voted to abolish all school districts and parts of school districts within its limits, and to assume and maintain control of the public schools therein.    No notice of said proposed action was given, excepting that it was specified in the posted warning as one of the objects of the annual meeting.    The plaintiffs, who are residents and taxpayers of the town, and who did not know that such action was to be taken, question the legality of the vote, upon the ground that such notice was insufficient, and that the statutes relating to the taking of such a vote required notice of such proposed action to be posted upon the public school-houses or sign-posts of the various districts of the town, and published in a newspaper having a circulation in said town, and required a copy of such notice to be left with the clerk of each school district in the town.

Sections 2193 and 2194 of Chap. 136 of the General Stat-

utes provide that "any town may abolish all the school districts, and parts of school districts, within its limits, and assume and maintain control of the public schools therein"; and that "whenever a vote shall be taken in any town in reference to abolishing school districts, and assuming control of public schools therein, such vote shall be by ballot at an annual town meeting, *upon notice thereof given in the warning*."

Sections 2153 and 2158 of Chap. 135 of the General Statutes as amended by Chap. 130 of the Public Acts of 1895, p. 511, provide that "each town shall have power to form, unite, alter, and dissolve school districts and parts of school districts within its limits"; and that "when it is proposed to form, alter, unite, or dissolve any school district or districts, notice that such change is proposed shall be posted on the school-house in each school district to be affected, or, if there be no school-house in any of such school districts, at the usual place for posting warnings for meetings of such districts, and printed in a newspaper or newspapers published in the town to which such districts or any one of them may belong, if any there be, and a copy of the same shall be left with the clerk of each of said districts at least fifteen days before the town is called to act upon the proposition." The Act of 1895, amending § 2158 of the General Statutes, repealed all Acts and parts of Acts inconsistent therewith.

Sections 2193 and 2194 of Chap. 136, and §§ 2153 and 2158 of Chap. 135, relate to essentially different subjects. The latter apply to proposed changes which will not affect the general system of management of the property and affairs of the schools by the districts of the town at their district meetings or by officers chosen by the several districts, but to changes which will principally affect the limits of certain existing districts, and so more particularly concern the voters and taxpayers of those districts, the lines of which may be altered. The legislature deemed it proper to make these particular districts parties to such proceedings, by requiring special notice to be given to them, and by granting to them the right of appeal to the Superior Court from the action of

the town, as is provided by §§ 2158 and 2159. But the question of transferring from the districts to the town the management of all school districts within its limits, and the assumption by the town of the powers and duties of its several school districts, as provided by § 2193, is one of common interest to all the voters and taxpayers of the town, rather than one of special interest to the several districts, as such; and it was evidently for that reason thought proper that action upon such question should only be taken at the regular annual town meeting, the time for holding which is fixed by statute and is well known, and that such notice of the proposed action should be given as is generally given of special matters to be considered at such annual meeting in which all the voters and taxpayers of the town have a common interest.

The provisions of § 2158 requiring notice to be given to particular districts which may be affected by any proposed change by which new districts are to be formed or the lines of existing districts are to be altered, do not apply to a proposed vote to be taken by ballot at the annual town meeting under §§ 2193 and 2194 upon the question whether all of the school districts of the town shall be abolished and the control of the schools be assumed and maintained by the town.

The repealing clause of § 2 of Chap. 130 of the Public Acts of 1895, was only intended to repeal certain parts of § 2158 of the General Statutes, of which the Act was an amendment.

It is argued that a construction of these several sections which would require special notice to be given to the different districts, should be favored, for the reason that the proceeding contemplated by § 2193 is in effect a condemnation of property belonging to the school districts. These districts are by statute created corporations for educational purposes, and their rights, powers and duties are defined by statute. As such corporation, each school district holds the school property within its limits in trust for educational purposes, with no right to devote it to other uses. *Scofield* v. *Eighth School District*, 27 Conn. 499, 504; *Hotchkiss* v. *Plunkett*, 60 id. 230, 234. When the town, under the provisions of

Chap. 136, assumes control of the school property of the districts, it takes it by the direction of the State and holds and uses it for the same purposes for which it was before held and used by the districts.

The duty of providing for the education of children is one which rests upon the State, and the State has created school districts and conferred upon them certain powers and imposed upon them certain duties for the performance of such governmental duty. " Both before and since the adoption of the Constitution, that duty (the education of children) was, and has been, performed through the instrumentality of towns, societies and districts, as the legislature from time to time saw fit. In so far as these subdivisions of the territory of the State were used for the performance of this duty, they were the mere agents and instruments of the State, liable to be changed at its pleasure, and used by it from time to time solely because the object in view could in its opinion be more effectually and economically accomplished through such agencies than in any other way." *State ex rel. Walsh* v. *Hine,* 59 Conn. 50, 60.

The transfer of the control of the school property and of the management of the public schools from the districts to. the town is therefore but a transfer from one public agency to another for the better accomplishment of the same purpose for which the school districts were created.

Sections 2198 and 2201 of the General Statutes are intended to give to any district the benefit of any excess of the value of its school property over that of other districts, and to preserve to it the benefit of any fund which it may have received for the support of any schools in that district; and § 2209 provides for the restoration to each district of its funds .and property upon the re-establishment of the school districts.

The resolution passed at the meeting of March 17th did not affect the action taken at the annual meeting, since by § 2208 as amended by Chap. 202 of Public Acts of 1889, a town cannot vote to abandon control of the schools and re-

establish the school districts, until the fifth annual town meeting after having assumed such control.

The question which is decisive of the present action was not discussed in the case of *First School District* v. *Ufford*, 52 Conn. 44. In that case proceedings were not taken at an annual town meeting for the abolishment of school districts under the provisions of the law which are now those of Chap. 136 of the General Statutes, and the only question there raised regarding the sufficiency of the notice of the town meeting was whether it was signed by the proper persons. In the case before us the vote taken at the annual town meeting of October, 1899, upon the notice given in the warning was lawful.

Judgment is advised for the defendants.

Costs in this court are to be taxed in favor of the defendants.

In this opinion the other judges concurred.