No. 3695.

(Court of Appeal, Parish of Orleans.)

# T. J. BARTLETTE, Liquidator, vs. MRS. FANNIE KIEFFER NEWMAN.

Appeal from Civil District Court, Division "C."

Philip H. Mentz, for Plaintiff and Appellee.

Dart and Kernan, for Defendant and Appellant.

1. Death or a judicially declared insolvency fixes the rights of creditors. From that moment no one can seek or obtain any advantage not common to all.

2. If, through the individual efforts of a creditor, property of the insolvent debtor, or succession, is recovered by him, it must be restored to the debtor's estate so that it may inure to all the creditors.

3. Where a domestic creditor of an insolvent succession, or firm under judicial administration in this State, who is enumerated as a creditor on the schedule or inventory of the estate; who participates in the proceedings and shares in the dividends declared, should, by proceedings in another State, cause the insolvent debtor's property in that other State to be seized and sold to satisfy his debt, and out of the proceeds of the sale he realizes any sum or sums beyond what would ratably be due him upon an accounting by the Louisiana representative of the insolvent estate, he will not be permitted to thus obtain a preference over the other domestic creditors and he will be compelled to restore what he has thus received, to the Louisiana administration.

MOORE, J. This is a suit by a judicially appointed liquidator of a dissolved and insolvent commercial firm, domiciled in this State, against one of its domestic creditors to compel the latter to restore to the debtor's estate, for equal distribution among all creditors thereof, a certain sum of money realized by him through and by means of proceedings instituted by him in a foreign jurisdiction against the debtor's property therein situated.

356

The facts are that the commercial firm of Berkson Brothers, composed of Simon and Theodore Berkson, both of whom were, as was the firm, domiciled in the City of New Orleans, was dissolved by the death of Simon.

The latter's succession was duly opened in the Civil District Court of the Parish of Orleans, and a succession representative was appointed and qualified; the affairs of the firm being likewise administered by that Court through and by a duly appointed and qualified liquidator.

The firm was and is hopelessly insolvent, and Simon's succession was rendered so by the magnitude of the firm's debts, for which debts both members were liable in *solido*.

Among the domestic creditors of the firm was Charles Newman. He was duly recognized as such by the legal representatives of both the succession and the liquidation, respectively. He had voluntarily intervened and participated in those proceedings and had received his pro rata of the several dividends that had been declared by the provisional accounts by the respective representatives of the two estates.

Belonging to the separate estate of Simon was certain real property situated in the State of Mississippi. The succession administration in this State being the primary administration, same having been inaugurated at the place of the decedent's domicile, an ancillary administration in Mississippi was provoked by the Louisiana representative of the succession and he was similarly appointed in Mississippi. At once this latter proceeding was had. Newman sued out process in the Chancery Court of Copiah County in the latter State, in which Court the ancilliary administration was ordered, by which process he caused the seizure and sale of the Mississippi property, and out of the proceeds of the sale realized the sum of $1,332.21, the full and entire balance due him upon his claim, no other Louisiana creditor participating in this particular fund. Thereafter the liquidator of the insolvent

357

firm instituted the present action against Newman's widow, he having since died and the widow having been sent into possession of his entire estate as surviving spouse in community and usufructuary, to compel her to refund to the liquidator of the insolvent debtors the said sum so collected in order that it may be distributed by the latter among all the creditors of the common debtors upon accounts to be filed by the liquidator in and under proceedings to be pronounced in the Civil District Court of the Parish of Orleans, which appointed him.

There was judgment in favor of the plaintiff for the amount claimed, "less such dividends which the estate of Charles Newman was entitled to and should receive as per accounts filed by the liquidator, and which amounts may not yet been paid to Newman or his estate."

From this judgment the defendant appeals.

From the moment of Simon Berkson's death, the consequent dissolution of the firm and the resulting judicial liquidation proceedings, the rights of all the creditors became fixed. No one could seek or obtain any advantage not common to all. If, through the individual efforts of a creditor, property of the insolvent debtor is recovered by him, it must be restored to the debtor's estate so that it may inure to all the creditors. So also is it, if, as is the case here, a domestic creditor of an insolvent succession or of a firm under judicial administration in this State, who is enumerated as a creditor on the schedule or inventory of the estate; who participates in the proceedings and shares in the dividends declared, should, by proceedings in another State, cause the insolvent debtor's property in that other State to be seized and sold to satisfy his debt, and out of the proceeds of the sale he realized any sum or sums beyond what would ratably be due him upon an accounting by the Louisiana representative of the insolvent estate, he will not be permitted to thus obtain a preference over the other domestic creditors, and he will be compelled to

358

restore what he has thus received to the Louisiana administration.

This is in accordance with a well recognized principle of law, which is fully described in Hayden Syndic vs. Yale and Bowling, 45 A. 362. It is on the authority of this case and on that of Mitchel vs. Dalton, 44 'A. 823; McGraw vs. Andrew, 45 A. 1073; Gumble vs. Andrus, 45 A. 1081; and Block vs. Jeffres, 46 A. 1112, that our esteemed brother of the lower court resolved the question herein in favor of the plaintiff.

The judgment appealed from is not error and it is affirmed.