Strafford,
No. 4397.

CHARLES S. JENNISON

*v.*

OYSTER RIVER COOPERATIVE SCHOOL DISTRICT NO. 2 & a.

Argued March 2 and 24, 1955.

Decided April 6, 1955.

*McCabe & Fisher, Paul B. Urion* and *Harold D. Moran* (*Mr. Moran* orally), for the plaintiff.

*Charles F. Hartnett* (by brief and orally), for the defendants.

BLANDIN, J. The plaintiff asserts that the Legislature cannot validate the organization of a cooperative school district where a

local district was illegally prevented from voting to withdraw until such time as withdrawal became unlawful. While there is force in his contention, it is not sustainable in this case. The difficulty with his position is that even if the moderator's action in refusing to permit a vote at the Madbury District meeting on November 10, 1953, on whether that district should withdraw from the defendant cooperative was illegal, it is impossible to say whether the meeting would have rescinded the previous vote of July 1, 1953, to join the defendant organization. No one knows what action might have been taken at this November meeting and in the absence of any vote, the original decision to consolidate remained in full effect. *Mitchell* v. *Brown,* 18 N. H. 315. This was the situation until after the Lee and Durham school districts had, at unquestionably legal meetings on February 20, 1954, remedied the failure of publication of notice of their original meetings of July 1, 1953, required by Laws 1953, *c.* 225, *s.* 2 and Laws 1945, *c.* 39, *s.* 3, and voted to join the Oyster River Cooperative. Once they did this the Madbury district could not withdraw. Laws 1947, *c.* 199, *s.* 14, contained a provision permitting withdrawal of a member under certain stringent conditions. The amendments of Laws 1951, *c.* 213 and Laws 1953, *c.* 225, omitted this clause and it is clear the intention of the Legislature, the policy of which favors consolidation of schools (*Lisbon School District* v. *District,* 96 N. H. 290), was to deny this right.

By House Bill No. 164 the Legislature plainly meant to cure all irregularities and defects in the organization of the defendant district and to legalize its existence. The plaintiff concedes the broad powers which the Legislature has to correct errors and omissions in the creation of school districts and indeed such authority unquestionably exists. *Eastman* v. *McCarten,* 70 N. H. 23; *Keene* v. *Roxbury,* 81 N. H. 332, 334; 78 C. J. S. 738; 16 C. J. S. 879, 880. As far as the legality of the defendant organization is concerned, in the absence of fraud, we cannot see that it matters that the Madbury voters failed to express their intention to withdraw at the November 10 meeting because the moderator unlawfully ordered adjournment without permitting them to vote. The law indisputably is that the Legislature may validate a meeting and the action taken thereat where the voters did not attend for lack of proper notice. *Eastman* v. *McCarten, supra.* No reason appears why the same rule should not apply here. It follows that House Bill No. 164 legalized the organization of the

defendant district unless there has been fraud. *White Mts. R. R.* v. *White Mts. R. R.*, 50 N. H. 50; 51 Harv. L. Rev. 1069. However, in this case no finding of fraud relative to the actions of the moderator at the November 10 meeting of the Madbury District was requested, none was made and none is compelled by the record. It is also well settled that this legislation is not within the prohibition of *Art.* 23, Pt. I, of the New Hampshire Constitution. *Eastman* v. *McCarten, supra.*

In conclusion, we hold that House Bill No. 164 legalized the organization of the defendant district. This conclusion renders unnecessary consideration of any remaining questions and the order is

*Bill dismissed.*

All concurred.