Strafford,
No. 6306.

### THOMAS HARDIMAN *& a.* v. DOVER.

December 7, 1971.

*Fisher, Parsons, Moran & Temple* ( *Mr. Robert E. Fisher* orally ) for the plaintiffs.

*Anthony A. McManus,* City Solicitor, for the defendant.

*Burns, Bryant, Hinchey, Cox & Shea* ( *Mr. Donald R. Bryant* orally ) for Walter W. Fischer, Intervenor.

KENISON, C.J. The principle issue in this case is whether the procedure followed by the planning board of the city of Dover in deciding to recommend the rezoning of a small parcel of land was unlawful. A subsidiary issue is whether the procedure followed by the planning board was otherwise irregular or prejudicial to the interests of the plaintiffs. The matter was heard by a Master, ( *Frank B. Clancy,* Esquire ) who took a view and filed a detailed and comprehensive report. The master found and ruled that the rezoning was reasonable and the procedure used in adopting it was not unjust or unreasonable. The master's report was approved, the plaintiffs' appeal was dismissed and their exceptions were reserved and transferred by *Loughlin,* J.

On March 2, 1970 the Dover planning board held a public hearing to consider a request to rezone lot No. 14-14, which comprises about one-half the parcel in question, from industrial to medium density residence. Objections were raised by residents of the area and their attorney that the change was inappropriate and would create sewage problems. The public hearing was adjourned and a regular board meeting was then held, at which, along with other business, the planning director recommended the board consider rezoning the entire parcel, rather than just lot No. 14-14. The board requested the planning director further investigate the sewage problem. On March 16, 1970, at an informal meeting the board agreed to propose the rezoning of the

entire parcel and, on April 6, 1970, at a formal meeting voted to recommend that proposal. On April 15, 1970, the Dover City Council held a public hearing on the proposal to rezone the entire parcel of which extensive notice was given and, on August 26, 1970, passed Ordinance 8-70 rezoning the entire parcel.

Plaintiffs complain that the planning board acted illegally and improperly by giving notice of a proposal to rezone lot No. 14-14, holding a hearing on rezoning lot No. 14-14, and then recommending the entire parcel be rezoned. On the record in this case we reject this contention.

The planning board is only an advisory body recommending ordinances, whereas the city council is the legislative body with the responsibility for enacting ordinances. RSA 31:60, 63, 65 and 36:11, 12; *Kostreles* v. *Portsmouth,* 104 N.H. 392, 187 A.2d 789 ( 1963 ); Dover Zoning Ordinance ch. 14, art. 12; 1 Yokley, Zoning Law and Practice *s.* 7-11; 2 *id. s.* 11-3 ( 3d ed. 1965 ). The purpose of the hearing before the planning board is to insure that the views of the local residents are taken into account by the board. *Bosse* v. *Portsmouth,* 107 N.H. 523, 226 A.2d 99 ( 1967 ). The value of the hearing to the board's advisory process would be lost if the board could not change a preliminary proposal in making its final recommendation. *Plainfield* v. *Hood,* 108 N.H. 502, 240 A.2d 60 ( 1968 ); *Doliner* v. *Town Clerk,* 343 Mass. 10, 175 N.E.2d 925 ( 1961 ); 8A McQuillin, Municipal Corporations *ss.* 25.251, 25.252 ( 1965 rev. vol. ); *see Vestry of St. Mark's* v. *Doub,* 219 Md. 387, 149 A.2d 779 ( 1959 ). The plaintiffs' interests are additionally protected by their right to a subsequent hearing before the council. RSA 31:63, 65; *Towle* v. *Nashua,* 106 N.H. 394, 212 A.2d 204 ( 1965 ). Of course, we agree with plaintiffs that the hearing before the board is not a meaningless ceremony and that the council's subsequent action would not validate unlawful conduct by the board. *Towle* v. *Nashua supra;* 1 Yokley, Zoning Law and Practice *s.* 7-11 ( supp. ); 2 *id. s.* 11-4 ( 3d ed. 1965 ). But such is not the case here.

The change from recommending the rezoning of lot No. 14-14 to recommending the rezoning of the entire parcel was a logical one. The entire parcel would appear to be a more natural unit for rezoning than lot No. 14-14, an odd-shaped lot in the middle of the block. Comparing the minutes of the hearings, plaintiffs' objections at the council hearing to rezoning the entire parcel were largely the same as their objections at the board hearing to rezoning lot No. 14-14. Furthermore, all the plaintiffs with a sub-

stantial interest in the rezoning of the entire parcel were present and prepared at the board hearing to discuss the rezoning of lot No. 14-14. The plaintiffs with an immediate interest in the zoning change met with a city councilman and member of the planning board before the hearing to discuss their objections to rezoning, retained counsel to represent them at the hearing, and attended the hearing. Numerous other residents of the area were similarly involved. The other plaintiffs all have a less substantial interest in the rezoning. There is no evidence that they, or anyone else, suffered prejudice from the board discussing lot No. 14-14 and then recommending the entire parcel be rezoned. *Ridgewood Land Co.* v. *Simmons,* 243 Miss. 236, 137 So. 2d 532 ( 1962 ); *North Shore Beach Property Owners Ass'n.* v. *Brookhaven,* 115 N.Y.S.2d 670 ( Sup. Ct. 1952 ); Note, 15 Syracuse L. Rev. 60, 61 ( 1963 ); 1 Anderson, American Law of Zoning *ss.* 4.06, 4.07 ( 1968 ). As the master held, "[the] persons objecting to the proposed ordinance had full and fair opportunity to be heard at the respective public hearings before the Planning Board and the City Council. "

Plaintiffs also claim the meeting of the board after the public hearing on March 2 and their meeting on March 16 were secret and in violation of the "right to know law" ( RSA ch. 91-A ( supp. ) ) and therefore void. We do not find this issue properly before us. On the record before us it appears that plaintiffs did not raise this issue in their petition for rehearing. RSA 31:74; 75; *DiPietro* v. *Nashua,* 109 N.H. 174, 246 A.2d 695 ( 1968 ); *Bourassa* v. *Keene,* 108 N.H. 261, 234 A.2d 112 ( 1967 ). In addition, plaintiffs did not raise the issue in their petition for appeal to the superior court, raised it only inconclusively twice at three hearings before the master, and did not raise it in their requests to the master for findings of fact and rulings of law. Consequently the master did not discuss the issue in his report and defendant and intervenor did not discuss the issue in their briefs. We have held that RSA 91-A:3( supp. ) must be interpreted broadly to effectuate the "primary purpose of the statute to permit freedom of access to public records and proceedings. " *Herron* v. *Northwood,* 111 N.H. 324, 326, 282 A.2d 661, 663 ( 1971 ). However, we also recognize that a public body might have to pay the heavy practical penalty of having its action invalidated for a violation of the statute. Therefore a necessary corollary to our holding in *Herron* is that the issue must be promptly and

properly raised below, especially where it does not appear that the alleged violation was obvious, intentional, or prejudicial.

*Plaintiffs' exceptions overruled.*

All concurred.