Hillsborough,
No. 6266.

Leon Calawa, Jr. & a.

*v.*

Town of Litchfield.

July 24, 1972.

*Winer, Lynch & Pillsbury (Mr. Robert W. Pillsbury* orally) for the plaintiffs.

*Leo R. Lesieur,* by brief and orally, for the defendants.

GRIFFITH, J. At the annual Litchfield town meeting held on March 10, 1970, an amendment to the town zoning ordinance was enacted prohibiting the construction of multiple family dwellings of three or more dwelling units. Prior to the town meeting plaintiffs had applied for permits to construct multiple family unit dwellings permitted by the existing ordinance. Initially this permit was denied under the authority of RSA 156:3-a (supp.) because of the pending proposed amendment, and finally refused following its adoption. On appeal to the Superior Court, *Loughlin,* J., found that the town had failed to comply with the notice requirements of RSA 31:63-a before adoption of the amendment.

Laws 1970, 70:2 legalized the votes and proceedings of a number of town meetings of Litchfield including the meeting of March 10, 1970. The trial court reserved and transferred without ruling the question of whether the legislative act effectively cured the invalid enactment of the amendment. The town does not dispute the trial court's ruling that the zoning amendment was invalid in its enactment but relies upon the curative legislative act.

Validating votes and proceedings taken at town meetings by legislative act and thus curing minor defects and irregularities has long been accepted procedure in New Hampshire. *Eastman* v. *McCarten,* 70 N.H. 23, 45 A. 1081 (1899); *Jennison* v. *Oyster River Coop. School District No. 2,* 99 N.H. 424, 113 A.2d 117 (1955); *Exeter* v. *Kenick,* 104 N.H. 168, 181 A.2d 638 (1962). The rights affected by such valid curative legislation are of a public, political nature called into existence by the legislature and thus subject to its control. Curative legislation may validate any past act which the legislature could have authorized originally or make immaterial any requirement which it might have omitted from the original legislation, but it cannot invade a constitutionally protected interest. *Eastman* v. *McCarten supra;* 5 McQuillin, Municipal Corporations *s.* 16.94 (1969 rev. vol.).

In determining whether the act in this case effectively cured the defective enactment of the zoning amendment by the town meeting it is necessary to consider what constitutional rights of the plaintiff are involved and the constitutional authority of the legislature. "All men have certain natural, essential and inherent rights — among which are, . . . acquiring, possessing, and protecting, property; . . ." N.H. CONST. pt. I, art. 2. This constitutional right is not unlimited and does not prevent States in the exercise of their police powers from passing laws respecting the acquisition, enjoyment and disposition of property. *Crowley* v. *Christensen,* 137 U.S. 86, 34 L. Ed. 620, 11 S. Ct. 13 (1890). The statutory method by which authority was delegated to towns and cities to enact zoning ordinances has been held a proper exercise of the police power. *Sundeen* v. *Rogers,* 83 N.H. 253, 141 A. 142 (1928).

In recognizing the necessity of some flexibility in solving the constitutional conflicts that arise between legislative power and individual rights the concern has been to retain the essential effectiveness of both. "The true view is that both of these provisions of the fundamental law (one granting legislative power and one reserving individual rights) are to be considered together as interdependent, the one qualifying and limiting the other; otherwise it would result that due effect could not be given to both at the same time. Neither is supreme in a sense that would deprive the other of its effectiveness as a part of the fundamental law." *State* v. *Ramseyer,* 73 N.H. 31, 34, 58 A. 958, 960 (1904).

"The test usually employed in this State to determine the constitutionality, not of the purpose the legislature had in view when it enacted a statute but of the means it employed to effectuate a constitutional purpose, is to inquire whether the restrictions it imposes on rights secured to individuals by the bill of rights are unreasonable (*State* v. *Normand,* 76 N.H. 541, 543) and not whether it imposes any restrictions on such right." *Carter* v. *Craig,* 77 N.H. 200, 205, 90 A. 598, 600 (1914); *Woolf* v. *Fuller,* 87 N.H. 64, 174 A. 193 (1934).

In delegating to the towns and cities the authority to enact zoning ordinances the legislature provided for notice and hearing as a prerequisite to the valid enactment of the ordi-

nance. RSA 31:63; RSA 31:63-a. These provisions spell out a fundamental requirement of due process that before substantial restrictions are placed upon an individual's use of his property there must be notice and an opportunity to be heard afforded the property owners concerned. Compliance with the notice provisions of the statute is mandatory and the town had no jurisdiction to enact a zoning ordinance without notice. Annot., 96 A.L.R.2d 449, *s.* 5, at 461 (1964). The notice provisions were not a requirement that might have been omitted from the original legislation without invading a constitutionally protected interest. The legislative act was therefore ineffective to validate the zoning amendment here. 2 Sutherland, Statutory Construction *s.* 2206, *s.* 2217 n.1, at 141 (3d ed. 1943); 5 McQuillin, *supra* at 303.

*Remanded.*

All concurred.

ON REHEARING. After the foregoing was filed, the defendant's motion for rehearing was granted.

*Leo R. Lesieur,* by brief and orally, for the defendant.

*Winer, Lynch, Pillsbury & Howorth (Mr. Robert W. Pillsbury* orally) for the plaintiffs.

*Richard F. Upton,* by brief, and *Martin L. Gross,* orally, for New Hampshire Municipal Association, amicus curiae, in support of the motion.

*Former result affirmed.*

All concurred.

November 3, 1972.