Rockingham
No. 6614

V. M. STEVENS, INC.

v.

TOWN OF SOUTH HAMPTON & a.

February 28, 1974

*Shaines, Madrigan & McEachern (Mr. Paul M. McEachern* orally) for the plaintiff.

*Perkins, Holland, Donovan & Beckett (Mr. Robert B. Donovan* orally) for the defendants.

DUNCAN, J. This is an appeal by the plaintiff under RSA 31:77 from the action of the voters of the town of South Hampton by which a zoning ordinance was adopted at the annual town meeting held on March 7, 1972. The appeal followed denial of plaintiff's motion for rehearing filed with the selectmen as provided by RSA 31:74, which was denied with the statement that "no good reason

exists" for the calling of a special town meeting as therein provided. The plaintiff's petition also seeks equitable relief from interference with the plaintiff's construction of sixty units of apartment dwellings in the town, pursuant to a permit issued by the town building inspector to the plaintiff on February 24, 1972, which was revoked by the selectmen on February 25, 1972, in reliance upon RSA 156:3-a (Supp. 1973), enacted by Laws 1969, 248:1. The tract upon which the plaintiff seeks to build is located in a "rural residential district" as established by the zoning ordinance, a district in which apartments are not allowed.

There was a hearing by a Master *(Leonard C. Hardwick,* Esq.) at which the parties stipulated that the only issue to be determined by the master was the issue of the validity of the adoption of the zoning ordinance. The master found and ruled that there were three fatal defects in the steps taken by the town preliminary to adoption of the ordinance and that these defects "resulted in invalidating the eventual vote of the town in adopting the ordinance". The master also ruled that a curative statute enacted at the special session of the legislature held in 1972 (Laws 1972, 63:3), did not "validate the vote and correct the various defects in the procedures". The defendants' objections and exceptions to the report of the master were overruled subject to exception, and these exceptions together with their exception to a decree of the superior court in accordance with the master's recommendations were reserved and transferred by *Morris, J.*

The defects in the proceedings preliminary to the annual town meeting of March 7, 1972, which the master found invalidated the action of the voters consisted of failures to comply with the requirements of RSA 31:63-a in the following respects: (1) The notice of the first public hearing before the planning board held on December 29, 1971, failed to give notice of any proposal by the planning board for the adoption of a zoning ordinance; (2) the planning board submitted no proposed zoning ordinance or amendment to an existing zoning ordinance at the hearing of December 29, 1971; and (3) the posted notices of the

second public hearing held on February 14, 1972, contained neither the text of a proposed ordinance nor a statement of changes in a proposed ordinance considered at the first public hearing, as required by RSA 31:63-a.

The master's findings of fact are supported by evidence in the record and are binding on this court. In 1970 a "Building and Safety Ordinance" was in force in the town, which required the issuance of building permits as a method of enforcing building regulations pertaining to methods of construction, setback, area, and conformance to the "National Building Code". The ordinance also required a 200-foot frontage and a one-acre minimum lot, for new construction. It established a board of adjustment in conformance with RSA 31:67, with powers parallel to those set out in RSA 31:72. However the ordinance established no zoning districts, and no regulations with respect to the uses of lands or buildings except in general terms, by requiring the building inspector in the issuance of building permits to consider whether uses might prove obnoxious or unsightly.

On December 5, 1971, notices of three hearings to be held by the planning board on December 29, 1971, were posted, and they were published in a Haverhill, Massachusetts newspaper on December 9, 1971. One hearing related to "proposed amendments and/or additions to the Planning Board subdivision regulations", with which this action is not concerned. Another related to an appeal for a variance, which likewise is not relevant. The third hearing scheduled for 9 p.m., was "to discuss proposed changes and-or amendments to the South Hampton Buildings (sic) and Safety Ordinance". *See* RSA 156-A:6.

Prior to this hearing, various proposals for land use regulation had been laid before the planning board, including a proposal of the conservation commission for regulation of the town's 1800 acres of wetlands. At the hearing of December 29, 1971, a joint proposal by representatives of the U.S.D.A. Soil Conservation Service and the Southeastern N.H. Regional Planning Commission for a zoning code which would establish two zones, to be known as "rural-agricultural" and "wetland conservation" districts

was distributed. This proposal was not submitted as that of the planning board, and the hearing consisted of general discussion, with no specific recommendation by the board.

Subsequent to the hearing, the planning board proceeded to consider the proposals which had been advanced, including a further proposal by the state and federal agencies which would provide for a third district to be known as "commercial industrial". Finally, before January 27, 1972, the planning board decided upon a final form of a proposed zoning ordinance, embodying most of the features of the existing building and safety ordinance, as well as the three zoning districts previously suggested and regulations pertaining thereto. Accordingly, the text of the proposed ordinance was published in full on January 27, 1972, in the Haverhill newspaper, under a notice of "the Second Public Hearing ... to discuss the proposed changes and/or amendments to the South Hampton *Zoning Ordinance* and Trailer Park Ordinance". (Emphasis added.) The "text of the proposed Ordinances with changes" followed, consisting of two complete ordinances, one of which was the one now in question. On the following day a correction was published in the same newspaper indicating that the hearing would extend to a proposal by petition of fifty-three voters (disapproved by the planning board) for amendment of the existing "Building and Safety Ordinance" to require that new building lots have a frontage of not less than 200 feet and contain two acres of land. *See* RSA 31:63-b.

As the master found and ruled: "The second hearing called for by the statute is primarily an information meeting. No material change can then be effected in the ordinance draft." RSA 31:63-a. Clearly the ordinance submitted at the second hearing was not one submitted by the planning board at the first hearing, with changes considered thereat which thereafter had been accepted by the planning board, within the meaning of RSA 31:63-a.

While it can reasonably be argued that those in attendance at the public hearings in question, including representatives of this plaintiff, had sufficient notice of a proposal to convert the existing building and safety ordinance

into a zoning ordinance, those who did not attend the first hearing, as the master found, "would not [have been] alerted to the fact that a proposed zoning ordinance would be discussed or submitted" at that hearing. In point of fact, no change was ever made in the zoning ordinance submitted for the first time at the second hearing. This was the measure enacted without change by the voters at the annual town meeting on March 7, 1972.

The master's ruling that the "eventual vote of the town in adopting the ordinance" was invalid because of the failure to comply substantially with the statute is sustained. *Hardiman v. Dover,* 111 N.H. 377, 379, 284 A.2d 905, 906 (1971); *Towle v. Nashua,* 106 N.H. 394, 212 A.2d 204 (1965); cf. *Rye Beach Village Dist. v. Beaudoin,* 114 N.H. 1, 315 A.2d 181 (1974); *Collins v. Derry,* 109 N.H. 470, 256 A.2d 654 (1969).

The remaining issue is whether the action of the 1972 legislature in enacting Laws 1972, 63:3 can constitutionally remedy the procedural defects found by the master. We are of the opinion that it cannot. It was so held in *Calawa v. Litchfield,* 112 N.H. 263, 296 A.2d 124 (1972), where it was considered that the fundamental due process requirements of notice and hearing had not been met in the adoption of a zoning ordinance amendment by the town of Litchfield. It was there pointed out that curative legislation may validate past acts "which the legislature could have authorized originally, or make immaterial any requirement which it might have omitted from the original legislation, but it cannot invade a constitutionally protected interest."

The procedure utilized in the adoption of the South Hampton ordinance failed to give notice of the proposed action at the only time when any meaningful opportunity was afforded to be heard upon the subject of a zoning ordinance, namely at the hearing of December 29, 1971. That hearing was defective both for lack of adequate notice and for lack of any proposal by the planning board, changes in which could be considered and acted upon by the board in advance of the second public hearing. By the time that any notice was given that a zoning ordinance, as distinguished from amendment of the building code,

was under consideration, the only opportunity for a meaningful hearing on the subject was past. The legislative act of 1972 was therefore ineffective to validate the 1972 ordinance. *Calawa v. Litchfield,* 112 N.H. 263, 296 A.2d 124 (1972).

*Defendants' exceptions overruled; remanded.*

All concurred.