Merrimack
No. 78-117

WILFRED G. BURGESS *& a.*

v.

CITY OF CONCORD

September 18, 1978

*Upton, Sanders & Smith*, of Concord (*Gilbert Upton* orally), for the plaintiffs.

*Paul F. Cavanaugh*, city solicitor, by brief and orally, for the city of Concord.

BOIS, J.    Petition for declaratory judgment heard by a Master (*Robert A. Carignan*, Esq.). *Brock*, J., approved the master's recommendation and entered a decree in accordance therewith. The defendant city objected and excepted to the findings, recommendations, and decree of the master as being against the evidence and contrary to law. All questions of law raised by the foregoing exceptions or any exceptions appearing in the transcript or appendix were reserved and transferred by *Johnson*, J.

The plaintiffs have owned a home on Pleasant Street in Concord since 1954. On January 4, 1944, by ordinance (amended March 6, 1945 and August 1, 1950), the city adopted an official map of the

city showing the locations and exterior lines of streets and parks. *See* RSA 36:10, :13. On July 10, 1961, the city enacted ordinances which prohibited, with certain exceptions, the construction of any building within the bed of a mapped street. *See* Concord, N.H., Municipal Code of Ordinances ch. 14, art. 3, §§ 14, 7-14, 12.

By letter dated January 11, 1961, the plaintiffs were advised of a city vote to map the lines of a future street from Pleasant to State Streets. The letter stated that city crews would be working on this project and that as soon as the survey was completed the plaintiffs would be advised as to the proposed location of the street and the anticipated development schedule. No further notification was received by the Burgesses. Subsequently, from May 1963 to September 1965, the lines of a future street, to be known as the "Northwest By-Pass," were mapped and filed with the board of aldermen (renamed "city council" in 1967).

During the spring of 1976, the plaintiffs attempted to sell the real estate in question. Prospective purchasers were unwilling to buy because they considered the mapped street an encumbrance on the title. The city planning director, on inquiry, informed prospective buyers that the bypass will be built within five to ten years, that the city has already begun the acquisition of other properties within the bed of said street, and that certain alterations are prohibited by the existing ordinances. The plaintiffs have offered the property to the city at a price determined by the city's own appraiser. The Concord Planning Board has twice recommended that the city purchase the plaintiffs' property. Not only has the city council refused to follow the recommendations of the board, but it has also denied plaintiffs' petition to discontinue the mapped street.

The plaintiffs in their petition sought a declaration that the mapped street is null and void because the city failed to comply with constitutional due process, and, in the alternative, a declaration that the actions of the city constitute a taking of the plaintiffs' property for which they are entitled to compensation, to be determined by the eminent domain commission.

The master granted the plaintiffs' request that until the bypass is incorporated in the official map, the city ordinances in question have no legal effect upon the plaintiffs' use and enjoyment of their property.

RSA 36:18 ("Amendments to Official Map") in part provides as follows:

> No change shall become effective until after a public hearing shall have been held in relation thereto, at which parties

in interest and citizens shall have had an opportunity to be heard. At least fifteen days' notice of such a public hearing shall be published in a newspaper of general circulation in said municipality and by posting a notice to the same effect at the city or town hall, or in whatever place other notices required by law in connection with municipal affairs are posted or customarily displayed.

The parties have stipulated before this court that the city did not comply with the notice and hearing requirements of the statute. In spite of this, the city argues that there was substantial compliance with statutory requirements. A review of the record discloses that the plaintiffs received no official notice, with the possible exception of the January 11 letter on which the city apparently relies.

In *Calawa v. Town of Litchfield*, 112 N.H. 263, 265–66, 296 A.2d 124, 125 (1972), we noted that: "In delegating to the towns and cities the authority to enact zoning ordinances the legislature provided for notice and hearing as a prerequisite to the valid enactment of the ordinance. RSA 31:63; RSA 31:63-a. These provisions spell out a fundamental requirement of due process that before substantial restrictions are placed upon an individual's use of his property there must be notice and an opportunity to be heard. . . ." We perceive no difference between the notice and hearing requirements of RSA 31:63 and those of RSA 36:18; we therefore hold that compliance with the statutory provisions in the instant case is mandatory and that there was no valid amendment to the official map. *See Hardiman v. Dover*, 111 N.H. 377, 284 A.2d 905 (1971); *V. M. Stevens, Inc. v. Town of South Hampton*, 114 N.H. 118, 316 A.2d 179 (1974).

Plaintiffs stated at oral argument that should this court find the mapping to be invalid, null, and void, then there has been no taking. In view of this, we need not consider the taking issue.

*Judgment for plaintiffs.*

BROCK and GRIMES, JJ., did not sit; the others concurred.