OPINION OF THE COURT.

The governor and council are not judges of the elections of state senators or representatives in congress, and cannot reject votes which the town-clerks' returns show were declared by the moderators at such elections.

It is the duty of the governor and council to count all such votes, and include them in their computation : and their declaration that they reject a part of them would be a refusal to make the computation which the law requires them to make, and a statement of the fact that their duty is left unperformed.

### To His Excellency the Governor and the Honorable Council :

The undersigned respectfully reply to your communication of the 16th inst. The question you put is,—

" Whether, in counting the votes for representatives in Congress, and state senators, it is the duty of the governor and council, or whether they have any power, to go behind the returns, and throw out, reject, or disregard any votes, on the ground that any candidate is ineligible ; or on the ground that a candidate can have but one name, and the name by which he is commonly known was printed on the ballots, while he has sometimes been called by another name ; or on the ground that there is no such man as one of those for whom the returns show votes were thrown ; or on the ground that the name on the ballots was not the legal name of the candidate ; or on the ground that certain ballots do not contain the full Christian name of the candidate intended to be voted for."

This is a question of law ; and, so far as it relates to power, it necessarily means legal authority. We are not asked whether, by writ of mandamus or other legal process, the governor and council can be compelled to perform their duty, or whether there are remedies or penalties for their violation of it. They ask only what their duty is, what they can lawfully do and lawfully leave undone, what is legally right and what is legally wrong.

It is settled, by the decisions of the court, in 53 N. H. 473, 641, that the constitution of New Hampshire requires the governor and council to ascertain, not who are chosen, but who appear, by the returns, to be chosen state senators ; to find the apparent result of the election, not by acting as judges of the election, but, so far as the result appears in the returns, to find it by arithmetic ; to make a computation, not of the votes that would have been cast in a fair election, nor of the legal votes that were cast, nor of the votes, legal and illegal, that were cast, but of the votes which the returns show were declared by the moderators. It is also settled by those decisions that the returns to be computed are the town-clerks' true copies of the town-clerks' true records.

The duty of making this computation being imposed upon the gov-

ernor and council by the constitution, and accepted by them with an official oath for its faithful and impartial performance, they cannot be authorized to violate it. This duty is, not to count a part of the returns, but to count them all. Whether some or all shall be counted, is a matter not submitted to their discretion. Their declaration, that they reject a part of the whole number of the votes returned, would be a refusal to make the computation which the constitution commands them to make—a statement of the fact that their duty is left unperformed.

The legislature, by reasonable regulations, may secure and facilitate the exercise of the constitutional right of voting; but that right cannot be legally destroyed by the governor and council refusing to count the returns which the constitution directs them to count. Executive as well as legislative and judicial powers and duties exist only within constitutional limits. Acts of other branches of the government, as well as acts of the legislature, may be unconstitutional, beyond the scope of their authority, and void. The plain meaning and legal construction of the constitution is, that the returns which it requires the governor and council to count, it forbids and disables them to reject. The power of rejection from which it excludes them cannot be conferred upon them and cannot be exercised by them. Their rejection of returned votes for senators would be the exact opposite of what the supreme law of the state authorizes and requires them to do, and beyond the constitutional bounds of their jurisdiction. And the statute requires them to count the returns of votes for representatives in congress in the manner in which the constitution requires them to count the returns of votes for senators.

Our opinion is based on these reasons, and on other reasons which it is not necessary here to set forth, because the foregoing are, in our judgment, conclusive.

The question is, whether, in counting the returns of votes for represenatives in congress and state senators, the governor and council have any duty or power to go behind the returns, and throw out, reject, or disregard any votes. Our answer is, No.

C. Doe.
Wm. L. Foster.
C. W. Stanley.
A. W. Sawyer.
W. H. H. Allen.

For reasons peculiar to myself, I think I should be excused from sitting as a member of the court in the decision of this question. As a citizen, in view of recent events, I may properly be allowed to express the hope that in this state, the question having now been three times decided by the court without any dissent and without any conflicting decision, it may be considered as finally settled and put at rest.

Geo. A. Bingham.