Hillsborough, }
April 1, 1919. }

### ALBERT T. BARR *v.* CHARLES W. STEVENS.

Under Laws 1897, *c.* 78, *s.* 18 and Laws 1915, *c.* 119, a ballot containing a cross in a party circle above the names of the three candidates for county commissioner printed thereunder, A, B and C, and also containing the names of B and D written into the proper blank spaces under that office, cannot be counted as a vote for any candidate.

Under those statutes a ballot containing a cross in a party circle and also crosses opposite the names of three candidates printed thereunder, A, B and C, and also containing the names of B and C written into the blank column, should be counted as a vote for A, B and C.

The requirement of Laws 1915, *c.* 119, that where a cross has been made by a voter in the circle at the head of the column the ballot shall be counted for all names in the column not canceled or erased to the exclusion of all others, cannot be followed in a judicial inquiry as to the result of the election.

Under Laws 1915, *c.* 119 a voter may indicate his intention by the use of straight lines instead of crosses or by the use of crosses at the left instead of the right of the candidates' names.

The erasure of a candidate's name destroys the effect of a cross opposite it.

PETITION, to determine the result of the election for the office of county commissioner.

The petition was referred to a master who reported that each of the contestants received 8,149 votes and stated the facts as to eight ballots the count of which was in dispute.

Each party claimed election upon the master's report and moved for a certificate of election. Transferred by *Branch*, J., without a ruling, from the January term, 1919, of the superior court. The master's report and the disputed ballots were made a part of the case. The facts appear in the opinion.

*Louis A. Thorp* (by brief and orally), for the plaintiff.

*Ivory C. Eaton* (by brief and orally), for the defendant.

Parsons, C. J. The question that has been argued is the construction or interpretation of the eight disputed ballots which, as to each ballot, is, for whom did the voter intend to vote and, if that can be ascertained, has such intention been so expressed as to constitute a substantial compliance with the statute regulating the exercise of the electoral franchise. *Attorney-General* v. *Duncan*, 76 N. H. 11; *Attorney-General* v. *Bartlett*, 75 N. H. 388. The voter being supplied with a printed ballot bearing the names of the candidates for the several offices is required to indicate his choice between them by marking a cross in the circle at the head of a column or by marking a cross in the square at the right of a name printed on the ballot, or by writing in the name of the candidate for whom he wishes to vote in the blank space provided therefor upon the ballot under the designation of each office to be voted for. Laws 1915, c. 119.

Ballot No. 1 has a cross in the Democratic party circle. By marking this cross the voter in compliance with the statute indicated an intention to vote for each name in the column below which contains without erasure the names of three candidates for county commissioner, Baker, Gingras and Gould, the full number to be chosen to that office. In the blank column under the designation county commissioners the names of Gingras and the plaintiff Barr are written. The ballot indicates an intent to vote for four candidates for county commissioner, Baker, Gingras, Gould and Barr, — one more than were to be elected. "If a voter votes for more names for any one office than there are persons to be elected to such office . . . his ballot shall be regarded as defective therein, and shall not be counted with reference to that office." Laws 1897, c. 78, s. 18. It has been held in several cases that the requirement of the statute, that where a cross has been made in the circle at the head of the column the ballot shall be counted for all names in the column not canceled or erased to the exclusion of all others, cannot be followed in a judicial inquiry as to the result of the election. *Stearns* v. *O'Dowd*, 78 N. H. 358; *Dinsmore* v. *Mayor*, 76 N. H., 187; *Murchie* v. *Clifford*, 76 N. H. 99. But the rule of the statute would not help either of the parties, because the name of neither appears in the column beneath the marked circle. The ballot also contains crosses in each of the squares opposite all the names in the column except Gingras and Gould. It is claimed the failure to make crosses opposite the names of Gingras and Gould indicates an intention not to vote for them, so that the ballot should be counted for Baker, Gingras and Barr. This cannot be done except

by rejecting the cross at the head of the column, which the statute makes a vote for all the names therein not canceled or erased.

Giving full effect to all the markings put on the ballot, the voter has twice expressed an intention to vote for Baker and Gingras and once each for Gould and Barr. If the strength of purpose doubly expressed would help Baker and Gingras as against Gould and Barr, as to which no opinion is expressed, Gould and Barr between themselves are equally favored.

If the voter thought a twofold statutory expression of his intention was necessary to effectually declare his intention, he did not understand he voted for either Gould or Barr. Rejecting the statutory rule as to the weight of evidence which would count the vote for Gould, nothing is left by which to determine the voter's choice as between Gould and Barr. If it be said the cross in the circle indicates an intention to vote a straight ticket subsequently changed by the other marks and written names, still if we assume these marks and writings were first made, a cross in the circle could be argued to indicate an abandonment of the original purpose to vote a mixed or split ticket and a final conclusion to vote straight. The question cannot be solved upon the evidence of purpose furnished by the ballot. Murchie v. Clifford, 76 N. H. 99, 107. The omission to mark a cross opposite the names of Gingras and Gould was not an erasure or cancelation of those names. The ballot cannot be counted for Barr.

In ballot No. 2 the voter used straight lines instead of crosses wherever he marked, and sufficiently indicated his intention as found.

No. 3 has crosses at the left instead of the right of the candidates' names. The method adopted is uniform and, as the presumption is there was an intent to vote, there is no difficulty in reaching the conclusion that the names against which crosses were placed were those of candidates intended to be voted for. The method used is not in strict compliance with the statute but it is clear that the voter understood he was to indicate his choice by the use of crosses. He has done so and substantially complied with the statute in a manner which leaves no doubt as to his purpose.

No. 4. The dispute as to this ballot turns upon the question whether the voter made a cross in the square opposite Barr's name. For some reason the lead of the pencil failed to mark on one leg of the cross but the mark or indentation of the paper is disclosed by careful examination. This ballot is a vote for Barr.

No. 5. There is an erasure of Barr's name which destroys the effect of the cross opposite it.

No. 6 has a cross in the circle over the Republican column and crosses opposite each name therein. It was marked and counted for both Barr and Stevens. The failure to express an intention to vote for Stevens a third time by writing his name in the blank column as was done in the case of other candidates does not destroy the effect of the cross in the Republican circle and opposite Stevens' name as indicating an intention to vote for him.

Nos. 7 and 8. The question in each case is whether names of candidates in the column with a cross in the circle above are canceled or erased so as to indicate an intention not to vote for them by the cross in the circle. The marks do not constitute an erasure but a purpose to effect a cancelation of the effect of the cross in the circle by the marks made is plainly apparent. One is a vote for Stevens and the other for Barr.

The conclusion of the court as to ballots Nos. 1 and 4, in which only the master's report is not followed, does not affect the result. The count still stands with an equal number of votes for each candidate.

*Case discharged.*

PLUMMER, J., was absent; the others concurred.