IN RE MANCHESTER TOWN ELECTION.

(55 A2d 612)

October Term, 1947.

Present: MOULTON, C. J., BUTTLES, STURTEVANT and JEFFORDS, JJ. and CLEARY, Supr. J.

Opinion filed November 4, 1947.

*Lindley S. Squires* and *Barber & Barber* for the appellant.

*William Travers Jerome* and *Ryan, Smith & Carbine* for the appellee.

CLEARY, SUPR. J. This case is here on appeal by Harold Benson from the judgment of the Bennington Couty Court that W. Robinson Martin had been duly and lawfully elected as Selectman for the Town of Manchester.

The official printed ballot contained the names of Benson and Henry Robinson. At the election Martin caused to be distributed to prospective voters printed slips of paper bearing his name and gummed on the reverse side so that each could be moistened and stuck on an official ballot. When distributed all of the printed slips

had printed thereon an "X" following Martin's name and some of them had in addition a penciled "X" following the printed "X".

Ninety-three voters affixed to their several ballots and in the proper place one of the stickers, without making any additional mark or designation on the sticker or ballot. No exception was taken below to the Court's finding that these ninety-three voters intended to vote for Martin. Benson claims, however, that each of them failed to comply with the statutory requirement in placing the printed cross made by someone other than himself on his ballot.

In G. L. Sec. 227 the pertinent provision of the statute was as follows "or by filling in the name of the candidates of his choice in the blank space provided therefor and making a cross (X) opposite thereto;" this Section was amended by No. 4 of the Acts of 1927 to read as follows: "or by filling in the name of the candidates of his choice in the blank space provided therefor;". This amendment was incorporated in P. L. Sec. 265. By No. 11 of the Acts of 1935, Section 265 was amended so that the controlling provision now reads as follows: "Section 265. Marking of ballots. On receiving his ballots the voter shall . . . prepare his ballots by marking in the appropriate margin or place a cross (X) opposite the name of the candidate of his choice for each office to be filled, or by filling in the name of the candidates of his choice and placing a cross (X) opposite each name so filled in, in the blank space provided therefor."

█ The cardinal rule for the guidance of election officers and courts in cases of this nature is that if the intent of the voter can be determined with reasonable certainty from an inspection of the ballot, effect must be given to that intent and the vote counted in accordance therewith, provided the voter has substantially complied with the requisites of the election law; if the intent cannot be fairly and satisfactorily ascertained, the ballot cannot rightfully be counted. *O'Brien* v. *Board,* 257 Mass 332, 153 NE 553. And his intention is to be found from the evidence of what he did. If not prohibited by statute, ballots which fairly and unmistakably express the voter's purpose are to be counted as deposited in the ballot box. *Ray* v. *Registrars,* 221 Mass 223, 108 NE 1051, Ann Cas 1918A 1158; See also *Temple* v. *Mead,* 4 Vt 535 at 539 to 543; *Easterbrooks* v. *Atwood,* 83 Vt 354 at 356, 76A 109, Ann Cas 1912A 295; *Morgan* v. *Deverannes,* 86 Vt 137 at 140, 83A 660.

█ In the present case there can be no question about the

voters' intent. It was manifest. By affixing the sticker to their ballots they filled in the name of the candidate of their choice. By that same act they placed the cross printed opposite Martin's name on their ballots.

The court below properly held that the ballots were legal and entitled to be counted and that Martin was the duly and lawfully elected selectman.

*Judgment affirmed.*