Sullivan,
No. 4243.

ROGER LEONARD & a. v. SCHOOL DISTRICT OF CORNISH.

Argued September 1, 1953.

Decided September 22, 1953.

*Fred A. Jones* (by brief and orally), for the petitioners.

*Leahy & Denault* (*Mr. Leahy* orally), for the petitionee.

LAMPRON, J. The following are the principal irregularities relied on by the petitioners as grounds for the relief they seek. The moderator elected "for the ensuing year" in accordance with article 1 of the warrant immediately took office and conducted the business of the meeting. It is alleged that he refused to challenge any voter or to allow anyone else to do so, and that after he had been warned that illegal voting was going on, he did not put to a vote a motion that the checklist be used in voting and did not allow its use. It is further alleged that he failed to stand guard over the ballot box and did not delegate anyone to do so in his stead, and that he did not preserve the ballots allowing them to be mingled with others after the count but before the announcement of the result. It is also asserted that he did not maintain order throughout the meeting and failed to put to a vote an amendment proposed by one Steeves to article 10 or 12 of the warrant, which articles pertained to the erection of a new school. Lastly he did not put to a vote a motion made by one Wood relating to article 12 after a vote had been passed on an amendment thereto.

In order to be entitled to the relief sought the petitioners had the burden of proving fraud which leaves the intent of the voters in doubt or irregularities in the conduct of the meeting of such a nature as to affect the result. *Judkins* v. *Hill*, 50 N. H. 140, 142; *Attorney General* v. *Folsom*, 69 N. H. 556, 557; 18 Am. Jur. 332; 3 McQuillin, Municipal Corporations (3rd *ed.*) 77, 95. No special findings or rulings having been requested or made, the dismissal of the petition by the Trial Court impliedly included a finding that the petitioners had failed to sustain that burden. *York* v. *Misiak*, 95 N. H. 437, 438.

The evidence supports petitioners' contention that the moderator did not conduct the meeting according to the strict rules of parliamentary procedure. However R. L., *c.* 139, *s.* 18, gives him a wide discretion in prescribing rules for the government of his meeting. *Hill* v. *Goodwin*, 56 N. H. 441, 447. It is true that under parliamentary law after an amendment is made to a motion, the motion as amended must be put to a vote. Roberts Rules of Order, Revised, 137. However the so-called amendment to the Wood motion was framed in such a way that its adoption, by the two-thirds vote necessary for the issuance of bonds (R. L., *c.* 72, *s.* 9), left no reason to doubt that the sense of the meeting on the subject was really ascertained and declared. *New London* v. *Davis*, 73 N. H. 72; 29 C.J.S. 309.

The other allegations of irregularity are instances where the moderator failed to observe the niceties of parliamentary procedure involving no violation of statutes. No appeal to the meeting was taken from these rulings of the moderator. The evidence does not compel the conclusion that a different result would have been reached if these irregularities had not occurred. *Hill* v. *Goodwin,* *supra,* 454.

*Exception overruled.*

All concurred.