Cheshire
No. 6409

CITY OF KEENE v. GERRY'S CASH MARKET, INC.

April 30, 1973

*Charles H. Morang,* city attorney, by brief and orally, for the city of Keene.

*Faulkner, Plaut, Hanna & Zimmerman (Mr. George R. Hanna* by brief and orally) for Gerry's Cash Market, Inc.

DUNCAN, J. The issues raised by these bills in equity concern the validity of an ordinance of the city of Keene relating to Sunday sales. RSA 578:4, 5. RSA 578:5 authorizes cities and towns to adopt bylaws and ordinances "permitting and regulating retail business" on Sundays "provided such bylaws and ordinances are approved by a majority vote of the legal voters present and voting at the next regular election." The Keene ordinance limited the hours of Sunday

business of retail food stores having more than 5,000 square feet of interior customer selling space, or more than 5 employees, to the hours between 9 a.m. and 2 p.m. It was adopted by the city council on September 3, 1970, and approved by the voters at the biennial election on November 4, 1970. The ordinance was subsequently repealed by a majority of Keene voters in November 1971.

The defendant, a food store with more than 5 employees and 5,000 square feet of interior customer selling space, remained open after 2 p.m. on certain Sundays during the spring of 1971. The city then filed numerous criminal complaints against the defendant in the Keene District Court, and filed this petition in the superior court to enjoin violation of the ordinance. The defendant in turn sought to enjoin the city from enforcing the ordinance. Both petitions were amended to request declaratory relief.

The equity petitions were heard by a Master (*Raymond V. Denault,* Esq.) who recommended that no injunction issue in either case, and that both cases be transferred to this court without ruling. The Superior Court (*Morris,* J.) approved and adopted the master's recommendations.

The defendant attacks the ordinance upon a variety of grounds. It first asserts that the city council's mode of adopting it violated the council's "Rules of Order" relative to motions to reconsider. Absent fraud or irregularities which influence the outcome of a meeting, action taken at meetings of towns and school districts has consistently been upheld despite technical departures from rules of procedure. *See, e.g., Sugar Hill Improvement Ass'n v. Lisbon,* 104 N.H. 40, 178 A.2d 512 (1962); *Lamb v. Danville School Board,* 102 N.H. 569, 162 A.2d 614 (1960); *Leonard v. School District,* 98 N.H. 296, 99 A.2d 415 (1953); *New London v. Davis,* 73 N.H. 72, 59 A. 369 (1904). No different rule should apply to city council proceedings, if, as in the present case, the action taken violates no mandatory provision of statute or city charter. *Commonwealth v. Chace,* 403 Pa. 117, 168 A.2d 569 (1961); *cf. Calawa v. Town of Litchfield,* 112 N.H. 263, 296 A.2d 124 (1972). If the city council chose to waive or disregard its own rules of order its action is not to be invalidated for that reason.

Defendant also challenges the manner in which the ordinance was presented to the voters for approval. By separate ballot, two questions were submitted to the voters at the regular biennial election. These questions were (1): "Do you favor Ordinance Chapter 28, 'Retail Business Activities on Sunday', passed by the City Council of the City of Keene on September 3, 1970" and (2): "Should the City Council propose to the voters, for their adoption, at the next annual election in November 1971 an ordinance which would permit full and open Sunday sales within Keene?" There is no evidence of fraud or misconduct in the submission of these questions, nor is it claimed that any constitutional or statutory provision governs the form of the questions so submitted. The argument is made that the first question did not adequately inform the voter of the content of the ordinance, and that the presence of the second question on the same ballot served to confuse the voter. The defendant bears the burden of establishing that in all likelihood the asserted defects affected the outcome of the vote. *Two Guys from Harrison v. Furman,* 32 N.J. 199, 233, 160 A.2d 265, 283 (1960); *see Leonard v. School District,* 98 N.H. 296, 297, 99 A.2d 415, 416 (1953).

The record before us contains no evidence concerning the extent or nature of the publicity given to the ordinance passed by the city council, or the notice to voters of the questions upon which they were asked to vote on November 4, 1970. In this situation we will not assume that 3003 voters who approved the ordinance out of 5470 voting at the election did so in complete ignorance of its essential provisions. The fact that almost as many voters at the same time voted to consider adoption at the next annual election of an ordinance permitting "full and open Sunday sales" indicates a purpose to review the operation of the ordinance then approved, after a year's trial run. At the end of the period, we are informed, the ordinance was repealed by the enactment of a more permissive ordinance. On this record, the action of the voters on November 4, 1970, cannot be invalidated. *See Concrete Co. v. Rheaume Builders,* 101 N.H. 59, 61, 132 A.2d 133, 135 (1957).

Any departure from the directory requirements of RSA

59:12 was not of such moment as to invalidate the vote taken. *Bridgham v. Keene,* 112 N.H. 84, 289 A.2d 392 (1972). Statutes regulating the form of ballots are generally regarded as directory rather than mandatory. Annot., 165 A.L.R. 1263, 1264 (1946); 3 McQuillin, Municipal Corporations § 12.14, at 109-10 (3d ed. rev. 1963). They provide a convenient and uniform method for voting, but should not be applied to disenfranchise voters because of technical irregularities. *Opinion of the Justices,* 107 Me. 514, 516, 517, 78 A. 656, 657 (1910).

The issue of the constitutionality of the statute is disposed of by what was said in *State v. Rogers,* 105 N.H. 366, 200 A.2d 740 (1964), and *Opinion of the Justices,* 108 N.H. 103, 229 A.2d 188 (1967). The ordinance was not in conflict with the statute. Section 4 of the statute, permitting the sale of necessities on Sunday, does not require such sales to be permitted during a period of 24 hours. Under section 5, local governing bodies are authorized to permit and to regulate Sunday sales, and thus to determine what the local policy shall be with respect to necessities as well as other merchandise. The power to regulate includes the power to restrict. *Stone v. Cray,* 89 N.H. 483, 486, 200 A. 517, 520 (1938); *State v. Guertin,* 89 N.H. 126, 128, 193 A. 237, 239 (1937). Clearly the legislative scheme is to leave the control of Sunday retail business activity to the option of cities and towns and to provide a statewide rule to apply in the absence of local regulation.

We hold that Keene Ordinance Chapter 28 "Business Activities on Sunday" was constitutional and valid. Since it was repealed in November of 1971, any issue concerning injunctive relief is moot. A judgment should be entered declaring the validity of the ordinance.

*Remanded.*

All concurred.