Request of Governor and Council
No. 7050

<span style="text-align:center">OPINION OF THE JUSTICES</span>

<span style="text-align:center">November 4, 1974</span>

The following request of the Governor and Council for an opinion of the justices was adopted, and filed with the supreme court, on November 4, 1974:

"WHEREAS the 1974 Constitutional Convention has directed that the question of adoption of certain amendments to the New Hampshire Constitution be placed before the voters at the 1974 biennial election to be held on Tuesday, November 5, 1974; and

"WHEREAS three cities (Manchester, Nashua and Portsmouth) and one town (Exeter) within the State of New Hampshire have made provision for balloting upon these questions by voting machine only; and

"WHEREAS the 1974 Constitutional Convention has, by resolution adopted on June 26, 1974, and pursuant to the authority of RSA 59:12 and 68-A:7, directed that voting on the amendments proposed shall be by means of a ballot separate from and of a color different from the ballot containing the names of persons nominated for public office and that such ballot shall be printed in type no smaller than twelve points; and

"WHEREAS, Part II, Article 100 (c) of the New Hampshire Constitution provides:

> Each constitutional amendment proposed by the General Court or by a constitutional convention shall be submitted to the voters by written ballot and shall become a part of the Constitution only after approval as provided in Article 99.

and

"WHEREAS, one or more of the three cities and a town which have provided for balloting by voting machine only will find it impossible to alter their plans for voting before Tuesday, November 5, so as to comply with the June 26 resolution of the Constitutional Convention;

"Now Therefore Be It

"RESOLVED, that the Justices of the Supreme Court be respectfully requested to give their opinion, as expeditiously as possible, upon the following questions of law:

"1. Is a ballot cast by means of a voting machine a 'written ballot' within the meaning of Part II, Article 100 (c) of the New Hampshire Constitution?

"2. If the answer to the first question be in the affirmative, will the use of voting machines for the purpose of balloting on proposed constitutional amendments at the 1974 biennial election constitute the employment of 'substitute ballots' as permitted by RSA 59:21?

"3. If the answer to the first question be in the affirmative, and the answer to the second question be in the negative, will votes cast through the use of voting machines at the 1974 biennial election be invalid for the purpose of determining the passage or failure of the constitutional amendments proposed?"

The following answers were returned:

*To His Excellency the Governor and the Honorable Council:*

The first question, submitted by the Governor and Council this morning, is as follows: "1. Is a ballot cast by means of a voting machine a 'written ballot' within the meaning of Part II, Article 100 (c) of the New Hampshire Constitution?"

Our answer to this question is "Yes". The purpose of the constitutional requirement of a "written ballot" is to ensure

the secrecy and integrity of the voting process and to provide a method of voting other than by voice or show of hands. The use of a voting machine is consistent with this purpose. Annot., 66 A.L.R. 855 (1930); *cf. Nichols v. Minton,* 196 Mass. 410, 82 N.E. 50 (1907).

The second question submitted by the Governor and Council is as follows: "2. If the answer to the first question be in the affirmative, will the use of voting machines for the purpose of balloting on proposed constitutional amendments at the 1974 biennial election constitute the employment of 'substitute ballots' as permitted by RSA 59:21?"

Our answer to this question is "Yes." RSA 59:21 provides for the use of substitute ballots in lieu of official ballots "in order that no voter shall be deprived of the right to vote for the lack of a ballot."

It has been represented that a ballot which would comply with all the requirements (RSA 68-A:7; RSA ch. 59) cannot be placed in the voting machines in the city of Portsmouth in time for use at the biennial election tomorrow. It is further represented that the ballot which is presently in the voting machines conforms in every respect with the official ballot except for the color and possibly the exact size of the type provided for in the resolution adopted by the Constitutional Convention of 1974. *See* N.H. Jour. Const. Conv. 280 (1974); RSA 59:12; RSA 68-A:7.

"Statutes regulating the form of ballots are generally regarded as directory rather than mandatory. Annot., 165 A.L.R. 1263, 1264 (1946); 3 E. McQuillin, Municipal Corporations § 12.14, at 109-10 (3d ed. rev. 1963). They provide a convenient and uniform method for voting, but should not be applied to disenfranchise voters because of technical irregularities." *Keene v. Gerry's Cash Mkt., Inc.,* 113 N.H. 165, 304 A.2d 873 (1973).

In view of our answers to questions number 1 and number 2 it is unnecessary to question number 3.

FRANK R. KENISON
LAURENCE I. DUNCAN
EDWARD J. LAMPRON
WILLIAM A. GRIMES
ROBERT F. GRIFFITH

714

Warren B. Rudman, attorney general, Richard V. Wiebusch, attorney, and W. John Funk, attorney, filed a memorandum of law, in support of affirmative answers to questions one and two and in support of a negative answer to question three.