Original
No. 7083

Louis C. Wyman

v.

John A. Durkin & a.

December 16, 1974

*Stanley M. Brown, Donald R. Bryant, Michael F. Farrell,* and *James H. Schulte (Mr. Bryant* and *Mr. Brown* orally) for the plaintiff.

*Devine, Millimet, Stahl & Branch,* and *John T. Broderick, Jr. (Mr. Broderick* orally) for the defendant, John A. Durkin.

*David A. Brock* by brief and orally for the defendants Governor and Council and Secretary of State.

*Thomas D. Rath,* assistant attorney general, orally, for the defendant Ballot Law Commission.

Per curiam. This petition brought by the plaintiff Wyman, the Republican candidate for the office of United States Senator at the November 5, 1974 election, against the defendant Durkin, the Democratic candidate for the same office, seeks a writ of certiorari directed to the State ballot law commission requiring it to certify the circumstances of the adoption by it of a certain rule or rules with respect

to write-in votes on voting machines and other matters relating thereto; and if the rule is found by the commission to have no application to the pending contest the petition seeks a writ of prohibition, prohibiting the commission, the secretary of state, and the Governor and Council from certifying any winner in the contested election until all write-in votes on voting machines have been canvassed and counted, and any protests have been ruled upon by the commission. The petition joins as parties the ballot law commission, the secretary of state, and the Governor and Council "for jurisdictional purposes only."

The defendant in support of his answer and motion to dismiss contends that jurisdiction to review contested elections to the United States Senate is vested exclusively in that body under article 1, section 5 of the United States Constitution, and that for this and other reasons the plaintiff's petition should be dismissed.

Following the election of November 5, 1974, at which the returns showed the plaintiff to be the successful candidate, a recount was conducted by the secretary of state at the defendant's request, and the defendant was thereafter certified as the successful candidate (RSA 63:7, 8), subject to appeal to the ballot law commission as provided by RSA 59:98. Thereafter, the plaintiff appealed to the ballot law commission (RSA 68:4 II), and the Governor and Council acted to rescind the Durkin certificate as premature. Hearings before the ballot law commission were in progress when the plaintiff's petition was filed in this court on December 9, 1974.

The plaintiff complains of a regulation relative to voting machines adopted by the commission in 1962 (RSA 59:27), providing in substance that a write-in vote appearing upon a voting machine ballot bearing the printed name of a candidate shall not be counted for him "for the same office". The plaintiff contends that the regulation should have no application to the pending contest, and if so applied would be invalid because in violation of the State and Federal Constitutions. It appears from the affidavit of the chairman of the commission filed in the case, that the plaintiff's contention that the regulation should not apply to this contest has been

tentatively accepted by the commission to the extent that certain write-in votes on voting machines have been counted by the commission, subject to reconsideration by it at the close of its hearings currently in progress. In the light of this affidavit, the plaintiff at oral argument has waived his prayer for a writ of certiorari.

A writ of prohibition is an extraordinary writ issued to prevent the exercise of jurisdiction not granted, and is to be used with caution and forbearance. *Manchester Education Ass'n v. Superior Court,* 109 N.H. 513, 257 A.2d 23 (1969). The chairman of the ballot law commission has expressed its awareness of the principle that the legally expressed choice of the voters shall be controlling. *Murchie v. Clifford,* 76 N.H. 99, 79 A. 901 (1911); *Nickerson v. Aimo,* 110 N.H. 348, 351, 266 A.2d 828, 830 (1970); *Opinion of the Justices,* 114 N.H. 711, 327 A.2d 713 (1974). Counsel for the Governor and Council and secretary of state has assured the court that no certificate of election will issue before the commission has completed its functions.

In these circumstances and upon the record before us, we are of the opinion that no writ of prohibition may appropriately be issued. The commission is proceeding within its statutory jurisdiction, and we will not presume that the defendant constitutional officers will take further action before the commission has carried out its legal responsibilities. *Opinion of the Justices,* 114 N.H. 784, 330 A.2d 774 (1974). Accordingly, the order is

*Writ of prohibition denied; petition dismissed.*