784

Request of Governor and Council
No. 7089

## Opinion of the Justices

December 16, 1974

The following resolution was adopted by the Governor and Council December 10, 1974, and filed with the supreme court on the same day:

"Whereas, Meldrim Thomson, Jr., in his capacity as Governor, and James H. Hayes, Lyle E. Hersom, John F. Bridges, Bernard A. Streeter, Jr. and Robert E. Whalen in their capacity as Executive Councilors of the State of New Hampshire and Robert L. Stark in his capacity as Secretary of State are parties for jurisdictional purposes in the Matter of Louis C. Wyman vs. John A. Durkin, now pending before the Honorable Supreme Court of the State of New Hampshire; and

"Whereas, the Governor, Executive Council and Secretary of State have determined that a solemn occasion exists upon which important questions of law have arisen; and

"Whereas, the Governor, Executive Council and Secretary of State have certain questions as to the nature and extent of their powers and responsibilities with regard to performance of their official duties under the Constitution and laws of the State of New Hampshire in connection with ascertainment of election results;

"Now, therefore, be it resolved by the Governor, Executive

Council and Secretary of State, that the Justices of the Supreme Court be respectfully requested to give their opinion upon the following questions:

"1. Should write-in votes cast on voting machines in "one-choice" election contests, either those reported by local officials or those not so reported, be counted:

"(a) By the Secretary of State before he declares the results of the vote under RSA 59:98?

"(b) By the Ballot Law Commission before it declares the result of the vote under RSA 68:4 II?

"(c) By the Governor and Executive Council before it ascertains the results of said elections under RSA 63:7 and RSA 63:8?

"2. If the answer to the question in 1. is in the affirmative and it is found by the Secretary of State, or the Ballot Law Commission, that all such write-in votes are not available to be counted, and that it is therefore impossible for either the Ballot Law Commission, the Secretary of State or the Governor and Executive Council to declare a true and complete count of the actual vote, does the Governor and Executive Council under the provisions of RSA 63:9, or otherwise, have authority to cause precepts for another election to issue, if —

"(a) there is an actual tie, or

"(b) there is a virtual tie in terms of reliable statistical data."

The following answer is returned:

*To His Excellency the Governor and the Honorable Council:*

In the resolution you pose the questions whether write-in votes cast on voting machines in "one-choice" election contests should be counted by the secretary of state pursuant to RSA 59:98, by the ballot law commission according to RSA 68:4 II, and by the Governor and the Executive Council under RSA 63:7, 8. The right of citizens to vote is guaranteed by both the Federal and State Constitutions. U.S. CONST. art. 1, § 2; amend. XVII; N.H. CONST. pt. I, art. 11; *State v. Sullivan*, 101 N.H. 429, 430, 146 A.2d 1 (1958). A ballot is a mechanism for expressing the voter's preference, thereby giving vitality to the right to vote. *See In re Manchester Town*

*Election*, 115 Vt. 230, 231, 55 A.2d 612, 613 (1947). In this State the statutes afford a citizen several ways to express his preference by ballot. RSA 59:58; RSA 59:25 (Supp. 1973). Whichever mode is selected by the voter, his expressed intention is crucial. *Barr v. Stevens*, 79 N.H. 192, 193, 106 A. 483 (1919); *Murchie v. Clifford*, 76 N.H. 99, 102, 79 A. 901, 902 (1911). Strict compliance with the technical form of a vote must yield to recognition of the voter's indication of intention. *Keene v. Gerry's Cash Market, Inc.*, 113 N.H. 165, 168, 304 A.2d 873, 875 (1973); *Nickerson v. Aimo*, 110 N.H. 348, 351, 266 A.2d 828, 830 (1970); *see Opinion of the Justices*, 114 N.H. 711, 327 A.2d 713 (1974).

The enactment of RSA 59:25 (Voting Machines) made it possible for the voter to express his intention in ways additional to those specified in RSA 59:58. By pulling a lever on a voting machine a citizen can register his choice of the names listed. Alternatively, he can write in his preference by lifting a panel.

The counsel for the ballot law commission in a companion case *(Wyman v. Durkin,* 114 N.H. 781, 330 A.2d 772 (1974))* has suggested that this court should not express an opinion on write-in votes on voting machines since the ballot law commission has not completed its functions. We assume the ballot law commission is completely aware of the guiding principle expressed in *Keene v. Gerry's Cash Market, Inc.,* 113 N.H. 165, 168, 304 A.2d 873, 875 (1973) as follows: "Statutes regulating the form of ballots are generally regarded as directory rather than mandatory. Annot., 165 A.L.R. 1263, 1264 (1946); 3 McQuillin, Municipal Corporations § 12.14, at 109-10 (3d ed. rev. 1963). They provide a convenient and uniform method for voting, but should not be applied to disenfranchise voters because of technical irregularities. *Opinion of the Justices*, 107 Me. 514, 516, 517, 78 A. 656, 657 (1910)." Accordingly we deem it inappropriate to give an advisory opinion to the Governor and Council on question number 1. *Opinion of the Court,* 58 N.H. 621 (1879); *Opinion of the Justices*, 53 N.H. 640, 641 (1873); *Bell v. Pike*, 53 N.H. 473, 474 (1873); *see Opinion of the Justices*, 152 Me. 212, 216, 142 A.2d 532, 534 (1956).

In light of what was said under question number 1, we

consider only that part of question number 2 which relates to an actual tie under RSA 63:9. That statute reads as follows: "Tie Vote. If two or more persons, at any election of representatives in congress, shall, in any district, receive the largest and an equal number of votes, so that no choice is made, the governor, with advice of the council, shall cause precepts to be issued to the selectmen of the several towns within such district for another election, requiring them to warn meetings to be holden at the time specified in such precepts for the choice of a representative." In the case of such an actual tie, and only in that instance, does the statute empower the Governor and Council to call for a new election. Such power is consistent with a State's authority to prescribe "the times, places and manner of holding elections for Senators and representatives . . . ." U.S. Const. art. I, § 4; *Roudebush v. Hartke*, 405 U.S. 15, 24 (1971); *Smiley v. Holm*, 285 U.S. 355, 366 (1932). The term "virtual tie", however, has not been defined in your resolution nor do we find it defined by any statute. It is a phrase of ambivalent content without known parameters. The statute confers on the Governor and Council no authority to call a special election except in the case of an actual tie as specified by RSA 63:9.

Frank R. Kenison
Laurence I. Duncan
Edward J. Lampron
William A. Grimes
Robert F. Griffith

Louis C. Wyman, by Donald R. Bryant, Michael F. Farrell, and James H. Schulte, filed memorandum of law in support of affirmative answer to the first question.

John A. Durkin, by Joseph A. Millimet of Devine, Millimet, Stahl and Branch, filed memorandum of law in support of negative answers to all questions.

Louis C. Wyman, by Donald R. Bryant, filed supplemental memorandum of law in support of affirmative answer to second question.