788

Original
No. 7092

JOHN A. DURKIN

v.

HILLSBOROUGH COUNTY SUPERIOR COURT

December 20, 1974

*Devine, Millimet, Stahl & Branch (Mr. Joseph A. Millimet* orally) for the plaintiff.

*McLane, Graf, Greene & Brown (Mr. Stanley M. Brown* orally) for Louis C. Wyman, intervenor.

PER CURIAM. In this petition for writ of prohibition, the issue is whether the superior court has jurisdiction to determine if in the election for United States Senator illegal absentee ballots were counted, whether voting machine malfunctions and certain other irregularities exist, and in the event thereof either to order the exclusion of certain votes from being counted or to declare the election invalid and order a new election.

The matter arises out of the contest for the 1974 election for the United States Senate between John A. Durkin and Louis C. Wyman. Plaintiff Durkin after a recount conducted pursuant to RSA 59:94-98 was declared to have the greatest number of votes by 10 and a certificate of election was issued to him by the Governor and Council on November 27, 1974,

pursuant to RSA 63:8. Thereafter Louis C. Wyman appealed to the ballot law commission pursuant to RSA 68:4 II. On December 5, 1974, the Governor and Council then voted to decertify the plaintiff. While proceedings before the ballot law commission were in progress, Wyman filed in the Superior Court for Hillsborough County a petition alleging certain irregularities and voting machine malfunctioning and seeking to exclude alleged illegal votes or to invalidate the 1974 biennial election for United States Senator. Plaintiff Durkin moved to dismiss for lack of jurisdiction since article I, section 5, of the Constitution of the United States vests exclusive jurisdiction in the Senate of the United States to judge "the elections, returns and qualification of its own members". The superior court assumed jurisdiction on December 16, 1974, and on the same day plaintiff filed this petition. In the proceeding before the ballot law commission, which has not been completed, interim rulings which are subject to reconsideration indicate candidate Wyman to be in the lead by five (5) votes as of December 19, 1974.

There has been substantial litigation in this senatorial contest. *Wyman v. Durkin,* 114 N.H. 781, 330 A.2d 772 (1974); *Opinion of the Justices,* 114 N.H. 784, 330 A.2d 774 (1974); *Durkin v. Snow,* No. 74-359 (D.N.H. (three-judge court) Dec. 18, 1974). Prohibition is an extraordinary remedy which is within the discretion of the court but which should be exercised "only when the right to relief is clear." *Hillsborough v. Superior Court,* 109 N.H. 333, 334, 251 A.2d 325, 326 (1969). Without passing on the merits of the jurisdictional contentions of the parties, we hold that a writ of prohibition should not issue in this case. *Manchester Education Association v. Superior Court,* 109 N.H. 513, 257 A.2d 23 (1969); *Wyman v. Durkin,* 114 N.H. 781, 330 A.2d 772 (1974). We particularly note that nothing in the denial of this petition without prejudice is to be construed as a holding by this court that the superior court has authority and jurisdiction to order a new election.

*Petition denied without prejudice.*